IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KIMBERLY ADAMS                                                    PLAINTIFF

v.                              Case No. 4:19-CV-00440-LPR

CITY OF LITTLE ROCK                                              DEFENDANT

## ORDER

On June 24, 2019, Plaintiff Kimberly Adams brought this sex discrimination action against her former employer, the City of Little Rock, under Title VII of the Civil Rights Act of 1964, the Fourteenth Amendment, and 42 U.S.C. § 1983.[1]  In addition to damages, Dr. Adams sought a declaratory judgment under 28 U.S.C. § 2201, as well as injunctive and equitable relief.[2]  The case was tried before a jury the week of May 2, 2022.[3]  The jury returned a verdict finding that sex was a motivating factor in the City's decision to fire Dr. Adams, but that the City had proved by a preponderance of the evidence that it would have fired Dr. Adams regardless of her sex.[4]  As required by law, judgment was therefore entered in favor of Dr. Adams for $0.00.[5]  No injunctive, equitable, or declaratory relief was granted in the case.[6]

Now before the Court is Plaintiff's Motion for Attorney Fees and Costs.[7]  Dr. Adams seeks $49,687.50 in attorney fees and $862.00 in costs.[8]  Requested costs include a filing fee, a process

---

[1] Compl. (Doc. 1) at 1.

[2] *Id*.

[3] Clerk's Minutes (Docs. 51–55).

[4] Jury Verdict (Doc. 61) at 1.

[5] *See* 42 U.S.C. § 2000e-5(g)(2)(B)(ii); Judgment (Doc. 64).

[6] *See* Judgment (Doc. 64).

[7] Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 70).

[8] *Id*. at 3.

server fee, and witness fees.[9]  As to attorney fees, the Porter Law Firm (PLF) used the lodestar

method to calculate the requested fees.[10]  PLF's work in this case included drafting and filing a

complaint, representing Dr. Adams at one deposition, drafting and responding to discovery

requests, responding to motions in limine, preparing for and representing Dr. Adams at her

grievance hearing and at trial, and drafting the current fee petition.[11]  The City argues that PLF's

requested rate of $375.00 per hour for Austin Porter Jr. is too high, as is the 132.5 billable hours

figure.[12]  More globally, the City argues that Dr. Adams was not a prevailing party and that even

if she was, the overall award should be reduced to reflect the extremely limited nature of Dr.

Adams's success in this litigation.[13]  The Motion is GRANTED in part and DENIED in part.  Based

on the reasoning below, the Court awards Plaintiff $11,817.75 in fees and $258.60 in costs.

## DISCUSSION

Dr. Adams moves for attorney fees and costs under Title VII.[14]  Although Dr. Adams went

to trial on both Title VII and § 1983 claims, the Court found that Dr. Adams did not "prevail" on

her § 1983 claim because she did not prove that her sex was the but-for cause of her firing.[15]

Instead, the jury found that, although her sex was a motivating factor in her firing, she would have

---

[9] *Id*.

[10] *See id*.

[11] Ex. 1 to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc 70-1).

[12] Def.'s Resp. to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 73) at 7–13.

[13] *Id*. at 3–7.

[14] Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 70) at 2.

[15] Order (Doc. 69).  *See Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992) (en banc) ("In order to establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the cause in fact of the plaintiff's injury. Conduct is the cause in fact of a particular result if the result would not have occurred but for the conduct.") (internal quotation marks and citations omitted).  Moreover, a plaintiff is the prevailing party on a § 1983 claim only "when actual relief on the merits of [a] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 112–13 (1992).

2

been fired anyway.[16]  Because prevailing on her § 1983 claim was a prerequisite to recovering

attorney fees under § 1988, such recovery on her § 1983 claim is foreclosed.[17]  But that still leaves

the potential for recovering fees and costs under Title VII.[18]  The Court has discretion under 42

U.S.C. § 2000e-5(g)(2)(B) to grant attorney fees and costs in actions in which an individual proves

that sex was a motivating factor for the termination under 42 U.S.C. § 2000e-2(m), even when the

defendant proves it would have taken the same action regardless of the plaintiff's sex.

To determine a reasonable fee, the Eighth Circuit directs district courts to begin by using

the lodestar method, wherein the number of hours reasonably expended on litigation is multiplied

by a reasonable hourly rate.[19]  When employing this method, a district court "should exclude hours

that were not reasonably expended from its calculations."[20]  The resulting product serves as the

lodestar—a starting point that may be adjusted upward or downward, depending on (among other

factors) the "results obtained."[21]

## I.    Reasonable Hourly Rate

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the

ordinary rate for similar work in the community where the case has been litigated.'"[22]  "When

determining reasonable hourly rates, district courts may rely on their own experience and

---

[16] Jury Verdict (Doc. 61) at 1.

[17] *See Gill v. Maciejewski*, 546 F.3d 557, 565 (8th Cir. 2008) ("To be a prevailing party [under 42 U.S.C. § 1988], a plaintiff must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.") (internal citations and quotation marks omitted).

[18] *See* 42 U.S.C. § 2000e-5(g)(2)(B)(i) (allowing the recovery of attorney fees in mixed-motive cases).

[19] *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).

[20] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021) (internal quotation marks and citations omitted).

[21] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

[22] *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt,* 272 F.3d 1042, 1047 (8th Cir. 2001)).

knowledge of prevailing market rates."[23]  In 2018, Chief Judge Marshall of the U.S. District Court

for the Eastern District of Arkansas awarded plaintiff's counsel $285 per hour.[24]  The Court

believes that this was a reasonable fee at the time, but it should be updated to the present to account

for inflation.  According to the Bureau of Labor Statistics, $285 at the time of Judge Marshall's

decision has the same buying power as about $350 at the time of the trial in the instant case.[25]  The

Court thus concludes that counsel is entitled to a reasonable rate of $350.00 per hour.

## II.     Reasonable Hours Expended

Mr. Porter claims 132.5 hours related to work in this case.[26]  The City objects to a number

of Mr. Porter's billing entries.[27]  First, the City objects to what it considers "vague entries."[28]  The

Court agrees with the City that several entries lack sufficient detail to determine what the work

involved.  The Court is thus excluding 5.45 hours of such entries.[29]  Second, the City objects to a

number of entries that it considers excessive.[30]  Specifically, the City argues that the time spent on

---

[23] *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (internal quotation marks and citations omitted).

[24] *Ridgell v. City of Pine Bluff*, No. 5:16-CV-73-DPM, 2018 WL 6307905, at *1 (E.D. Ark. July 23, 2018), *rev'd and remanded on other grounds*, 935 F.3d 633 (8th Cir. 2019).  Because the Eighth Circuit reversed the jury verdict in favor of Mr. Porter's client, the District Court vacated the award of attorney fees and costs on remand.  *See* Am. J. No. (Doc. 107-1), *Ridgell v. City of Pine Bluff*, Case No. 5:16-cv-73-DPM (E.D. Ark. Oct. 21, 2019).  But this was only a result of the Eighth Circuit's reversal of the jury verdict.  *See id*.  The Eighth Circuit did not address the reasonableness of Mr. Porter's hourly rate.  *See Ridgell v. City of Pine Bluff*, 935 F.3d 633, 634–38 (8th Cir. 2019).  This Court believes that Chief Judge Marshall got the hourly rate just right.

[25] *See* U.S. Bureau of Labor Statistics, *CPI Inflation Calculator*, https://data.bls.gov/cgi-bin/cpicalc.pl (last visited Sept. 11, 2023).

[26] Ex. 1 to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc 70-1).

[27] Def.'s Resp. to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 73) at 11–13.

[28] *Id*. at 11.

[29] Of the four examples of purportedly vague time entries provided by the City on page 12 of its Response, the City is right on the first three.  These include two time entries for "[c]onference with client" for a total of 3.7 hours and one entry for "[m]eeting with Dr. Adams" for 1.75 hours.  Ex. 1 to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 70-1).  But the last entry concerning work on exhibits is not vague.  In context, it is obvious Mr. Porter was preparing exhibits for trial.  *See id*.

[30] Def.'s Resp. to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 73) at 12–13.

discovery and on the fee petition is excessive.[31]  The discovery-related time is a close call, but the

Court gives Mr. Porter the benefit of the doubt.  On the other hand, the Court agrees with the City

that billing 12 hours related to the fee petition is excessive.  On this record, the fee petition work

should have taken no more than 6 hours.  The Court will thus exclude 6 of these hours from the

lodestar.[32]  The City also argues that the time Mr. Porter billed for the grievance hearing should be

excluded.[33]  While Mr. Porter is correct that Title VII allows an award of attorney fees for "any

action or proceeding under" Title VII,[34] Mr. Porter concedes this grievance hearing did not deal

with any issues of discrimination.[35]  As a result, the hearing was not an "action or proceeding

*under*" Title VII.[36]  Thus, Dr. Adams is not entitled to fees stemming from this hearing, and the

Court will exclude these 8.5 hours from the lodestar.[37]  Overall, the Court's reductions move the

total hours for the lodestar calculation from 132.5 to 112.55.

---

[31] *Id.*

[32] *See Vines*, 9 F.4th at 855.

[33] *See* Def.'s Resp. to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 73) at 10.

[34] 42 U.S.C. § 2000e-5(k).

[35] Pl.'s Am. Br. in Supp. of. Am. Mot. for Attorney Fees and Costs (Doc. 71) at 19.  Mr. Porter argues that "[a]lthough the plaintiff did not deal with issues of discrimination during her grievance hearing, this proceeding was necessary. Certainly, if the plaintiff had not grieved her termination, the defendant would have used her not grieving her termination as a negative." *Id.*  Mr. Porter's position has no basis in or support from caselaw.  What matters is whether the hearing concerned discrimination.  *See* 42 U.S.C. § 2000e-5(g)(2)(B)(i); *see also id.* § 2000e-5(k).  It does not matter whether the failure to file a grievance would have had a tactical effect in this litigation.  *See id.* § 2000e-5(g)(2)(B)(i).  If filing a grievance with one's employer was a condition precedent to filing a lawsuit—such as the requirement to file a complaint for employment discrimination with the EEOC—the Court might have been persuaded that the hours spent on the grievance hearing counted.  *See id.* § 2000e-5(f)(1).  But Dr. Adams does not argue that the filing of a grievance, or a grievance hearing, was legally necessary to pursue a Title VII claim.  Pl.'s Am. Br. in Supp. of. Am. Mot. for Attorney Fees and Costs (Doc. 71) at 19; *see generally* Pl.'s Am. and Substituted Reply Br. (Doc. 75) at 10.  That is because neither of those acts is a condition precedent to filing a Title VII lawsuit.

[36] *See* 42 U.S.C. § 2000e-5(k) (emphasis added).

[37] *See id.*; *see also id.* § 2000e-5(g)(2)(B)(i) (allowing "attorney fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title . . .").

### III.      Plaintiff's Limited Success

The City's argument that Dr. Adams was not a prevailing party entitled to attorney fees is unpersuasive.[38]  Congress has explicitly given district courts the discretion to award attorney fees to Title VII plaintiffs who receive a mixed-motive verdict.[39]  In doing so, Congress has made plain that a plaintiff can be the prevailing party even when she loses on but-for causation and receives no damages award or other significant relief.[40]  Perhaps anticipating such a result, the City alternatively argues that the overall reward should be reduced to reflect Dr. Adams's very limited success.[41]  The City argues that, in light of Dr. Adams's request that the jury return an award of $390,000, the fact that she received $0 shows that her success was "marginal at best."[42]

"[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained."[43]  Even when a plaintiff prevails, if she only recovers nominal damages, "the only reasonable fee is usually no fee at all."[44]  Still, a plaintiff's success might be material if the victory nonetheless accomplishes some public goal.[45]  This situation arises fairly frequently in Title VII mixed-motive cases, when a plaintiff prevails in proving discriminatory motive yet receives no damages because the defendant proves it would have fired the plaintiff anyway.[46]

---

[38] Def.'s Resp. to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 73) at 3–6.

[39] 42 U.S.C. § 2000e-5(g)(2)(B)(i).

[40] *Id.*

[41] Def.'s Resp. to Pl.'s Am. Mot. for Attorney Fees and Costs (Doc. 73) at 9–11.

[42] *Id.* at 9.

[43] *Farrar*, 506 U.S. at 114 (internal quotation marks and citations omitted).

[44] *Id.* at 115.

[45] *See Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000).

[46] *See, e.g.*, *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1081 (10th Cir. 1998).

Other circuits evaluate the success of a mixed-motive Title VII plaintiff for purposes of awarding attorney fees using several non-comprehensive factors.[47]  For example, courts consider the extent of the public purposes served by the verdict and whether the firing was more attributable to the defendant's discriminatory animus or to the plaintiff's unacceptable conduct.[48]  The Eighth Circuit has neither adopted nor rejected this analytical model.  And it has not set forth a comprehensive one of its own.

Dr. Adams received no monetary damages.[49]  However, she did receive a verdict finding that the City fired her, in part, because of her sex.[50]  Applying a portion of the out-of-circuit framework for evaluating attorney fees in mixed-motive cases, the Court finds that Dr. Adams achieved some success warranting an award of attorney fees.  Highlighting discriminatory employment practices in the government certainly serves an important purpose.[51]  But, obviously, the main purpose of a case is to obtain real relief for a party.  As honorable as "calling out" discrimination is, it, by definition, must be worth well less than half of any success on the merits. Moreover, there does not appear to be a significant precedent-setting effect from this litigation that would prevent further discrimination.  This case was mostly a unique, one-off employment matter, as opposed to a public matter affecting a large group of employees.

In addition to the reductions the Court made to the reasonable hourly rate and reasonable hours, the Court will substantially reduce the award by 70% to reflect Dr. Adams's limited success. In a different case, the Court might reduce the award further.  But, as Dr. Adams points out, this

---

[47] *See, e.g.*, *Sheppard v. Riverview Nursing Ctr., Inc.*, 88 F.3d 1332, 1336 (4th Cir. 1996).

[48] *See id.*

[49] Judgment (Doc. 64).

[50] Jury Verdict (Doc. 61) at 1.

[51] *See Barton*, 223 F.3d at 773.

case would have likely resolved by way of summary judgment if the City had filed such a motion.[52]

Unfortunately, the City blew the deadline by months, essentially requiring an unnecessary trial and

thus the unnecessary expenditure of time and resources by Plaintiff's counsel.[53]  While this is not

one of the traditional factors considered by courts, that is because it is a rather unusual occurrence.

In the context of this case, the Court believes it to be an appropriate factor to put in the mix with

all the other factors.  Factoring in all of the foregoing considerations, Dr. Adams's requested fees

and costs will be reduced overall by 70%.  This reduction balances Dr. Adams extremely limited

success—obtaining almost nothing and certainly far less than half of the relief she wanted—against

the public interest in ferreting out employment discrimination and the fact that unnecessary

resources were expended because the City failed to file what would have very likely been a

successful motion for summary judgment.  Dr. Adams will therefore receive $11,817.75 in

attorney fees and $258.60 in costs.

### CONCLUSION

For the reasons discussed, Plaintiff's Motion for Attorney Fees and Costs is GRANTED in

part and DENIED in part.  The Court awards Dr. Adams $11,817.75 in attorney fees and $258.60

in costs.

IT IS SO ORDERED this 15th day of September 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[52] Pl.'s Am. and Substituted Reply Br. (Doc. 75) at 10.

[53] Order (Doc. 30).

8